IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIS L. GRAYSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-824-KAJ |
| | ) |
| LIEUTENANT JAMES STANTON, | ) |
| LIEUTENANT LARRY SAVAGE, | ) |
| ANTHONY J. RENDINA, STAFF | ) |
| LIEUTENANT RONALD MCCARTY, | ) |
| and STAFF LIEUTENANT B. | ) |
| WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Willis L. Grayson, Jr. ("Grayson") brings this action pursuant to 42 U.S.C. §1983. He appears *pro se* and on July 14, 2004, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5).

The allegations in the complaint stem from three separate disciplinary actions, all resulting in findings of guilt. The first infraction occurred on July 18, 2002, the second occurred on October 27, 2002, and the third occurred on April 10, 2004. As a result of the July 2002 infraction, Grayson was sanctioned with loss of 10 days good time credits. Grayson does not indicate what type of sanction he received for the October 2002 infraction. The April 2004 infraction resulted in 10 days of loss of all privileges.

Grayson alleges that during the hearings and appeals for each of the infractions he was denied his right to due process. For example, he alleges he was denied his right to confront his accuser, he was denied the right to present witnesses, he was not provided a hearing within the required time period, the hearing officers ignored

evidence, and he was not allowed to present evidence. Suit is brought against the correction officers who issued him the disciplinary tickets, the hearing officers, and the appeal board designee.

As relief, Grayson asks that his classification level be returned to its original level of six, that he be returned to his former classification status and housing unit, that the Court make a finding that the named defendants violated his constitutional rights, that an injunction issue vacating the decisions of the hearing officers and appeal board officials, that the disciplinary actions be expunged from his record, that he be reclassified from a medium high to minimum security level, that he be restored all rights and privileges including his job, and that all good time credits be restored.

Although the complaint is framed as a civil rights action, Grayson has filed a mixed complaint that seeks habeas corpus relief as well as relief for alleged constitutional violations. He challenges the fact of the duration of his sentence by challenging the forfeiture of good time credits and requesting the reinstatement of the lost good time credits. In a case such as this, when an inmate challenges the execution of a sentence, i.e., the forfeiture of good time credits, he must proceed under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Grayson also seeks injunctive and declaratory relief for constitutional violations as a result of alleged acts of the named defendants. That portion of the case would proceed, if at all, under 42 U.S.C. § 1983.

To avoid confusion between the statutes and theories, and in the interest of justice, I have determined that it is appropriate for a new habeas corpus case to be opened so that Grayson may pursue his § 2254 case and his § 1983 case in separate

actions. Therefore, Grayson is notified that I intend to recharacterize portions of the § 1983 pleading and open a § 2254 case. Due to these circumstances, Grayson is warned that this recharacterization means that any subsequent § 2254 motion will be subject to the restrictions on "second or successive" motions. See *Castro v. United States*, 540 U.S. 375, 383 (2003). Accordingly, Grayson shall, within **30 days** from the date of this order, advise the Court whether he intends: 1) to withdraw his § 2254 claim and proceed solely on the § 1983 claim **or** 2) to seek § 2254 relief in a separate action.

Grayson is advised that should he proceed with a § 2254 claim, he will be given leave to amend, if timely sought, so that the petition contains all his § 2254 claims and so that he may name the proper party defendants. See *Castro,* 540 U.S. at 383. The parties are put on notice that should Grayson determine to proceed with the § 2254 claim, for limitation purposes, the filing date of the § 2254 petition will be the date that Grayson signed the § 1983 complaint – that is, June 15, 2004.

IT IS THEREFORE ORDERED that within **30 days** from the date of this order Grayson shall advise the Court whether he intends: 1) to withdraw his § 2254 claim and proceed solely on the § 1983 claim **or** 2) to seek § 2254 relief in a separate action. The matter will proceed once Grayson has advised the Court of his intent.

_____
UNITED STATES DISTRICT JUDGE

DATED: January 26, 2006
Wilmington, Delaware

3